# United States District Court
## For The Middle District of Florida
## Tampa Division

Blake Warner

v.

Connecticut State Department of Revenue Services,
J.P. Morgan Chase Bank N.A.,
William Clato-Day

Case Number 8:23-CV-02967-MSS-AAS

Jury Trial Demanded

## Verified First Amended Complaint

## Introduction

Plaintiff, Blake Warner, *pro se*, brings this quasi in-rem action tax levy and tax assessment challenge action against The Connecticut State Department of Revenue Services ("CTDRS") for violations of Fla. Stat. § 501.201 et seq ("Florida Deceptive and Unfair Trade Practices"), Fla. Stat. § 559.72 ("Florida consumer collection practices act" or "FCCPA"), and the Takings Clause under the Fifth Amendment.

1

Against J.P. Morgan Chase Bank N.A. ("JPMC") for violations of Fla. Stat. § 501.201 et seq ("Florida Deceptive and Unfair Trade Practices"), Fla. Stat. § 559.72 ("Florida consumer collection practices act" or "FCCPA"), Breach of Fiduciary Duty, and conversion.

And against William Clato-Day ("Mr. Clato-Day"), in his individual capacity, for violations of Fla. Stat. § 501.201 et seq ("Florida Deceptive and Unfair Trade Practices"), 42 U.S.C. § 1983 Takings Clause, 42 U.S.C. § 1983 Due Process Clause, 42 U.S.C. § 1983 Dormant Commerce Clause, Fla. Stat. § 559.72 ("Florida consumer collection practices act" or "FCCPA"), and Fraud.

The CTDRS served an invalid Connecticut Tax Warrant to J.P. Morgan Chase Bank N.A. ("JPMC") to levy Plaintiff's Florida bank account that all Defendants knew Connecticut had no in rem jurisdiction over, then knowingly misapplied Connecticut's asset protection laws to a Florida Bank Account that held Florida wages instead of the stricter Florida asset protection laws that would have exempted 100% of the bank assets, all over Connecticut's attempt to double tax Plaintiff over income tax he paid to the state of New York when he was working in New York but living in Connecticut.

Plaintiff seeks declaratory relief to clearly establish the rights between the parties.

2

## Plaintiff

1. Mr. Warner is a former resident of Connecticut who earned income in New York while residing in Connecticut between 2012 and 2013, and has resided in Hillsborough County Florida since August 2017.

## Defendant

2. Defendant CTDRS is the Connecticut state agency tasked with assessing and collecting income tax for the state of Connecticut.

3. Defendant William Clato-Day is a Tax Division Chief at the CTDRS who attested to the accuracy of the bank levy that was served on JPMC. He is sued in his individual capacity only.

4. Defendant JPMC is an American multinational financial services firm headquartered in New York City and incorporated in Delaware. They operate Plaintiff's checking account that was levied by the CTDRS.

## Jurisdiction and Venue

5. This court has jurisdiction pursuant 28 U.S. Code § 1331, 1367, 1343, 2201, and 2202, and 42 U.S. Code § 1983.

6. Plaintiff opened the JPMC bank account at issue in Hillsborough County Florida.

7. Defendant CTDRS satisfies minimum due process contacts by mailing tax collection notices into Florida, addressed to Plaintiff, and then levying Plaintiff's Florida bank account knowing that it was associated with a Hillsborough County Florida address.

8. Defendant William Clato-Day satisfies minimum due process contacts by attesting to the accuracy of a Tax Warrant addressed to Plaintiff at a Florida address, where he knew or should have known that was likely to attach to an asset located in Florida, and then mailing that Tax Warrant to JPMC.

9. Defendant JPMC regularly conducts business in the State of Florida, Plaintiff opened the bank account at issue in Hillsborough County, Florida, and regularly accesses the bank account at physical JPMC locations in Hillsborough County Florida.

10. This court has both personal jurisdiction over all of the parties, and in rem jurisdiction over the bank account at issue.

## TAX INJUNCTION ACT

11. There is no "plain, speedy, and efficient" remedy available in either state court: Connecticut does not have in rem jurisdiction over the bank account, Connecticut does not have a court than can adjudicate all of the tax assessment and exemption claims in a single action, Connecticut does not have a court where Florida causes of action can be asserted, and Florida state court has no jurisdiction against another state.

    Additionally, the Chase Depositor agreement requires that the action against JPMC be brought in Hillsborough County Florida.

    Therefore the Middle District of Florida is the only available jurisdiction to adjudicate all of these claims in a single action.

12. Venue is proper pursuant 28 U.S.C. § 1391 because Plaintiff and the bank account reside in the Middle District of Florida.

## FACTS

13. Plaintiff resided in Connecticut for all of 2012 and 2013.

14. He filed a 2012 tax return in New York State, Connecticut, and the federal IRS as married filing jointly with a dependent child and received a refund. His wife

had no income in 2012 or 2013.

15. Plaintiff physically worked at Bloomberg LP (W2 contractor working for Solomon Page Group) in New York, NY from January 1, 2013 to May 24, 2013 earning $52,445 in wages in New York.

16. $2,915.78 was withheld from his paychecks and given to the state of New York for income taxes, and reported on his 2013 w2.

17. He commuted everyday from his home in Connecticut to the office in New York City.

18. Plaintiff worked for a new employer, in Connecticut, between May 2013 and December 31, 2013, earning $69,312 in wages with $3,717.82 being withheld from his paycheck and given to Connecticut.

19. Plaintiff became embroiled in legal matters between December 9, 2013 and January 2017, that prevented him from filing any tax returns for the 2013 tax year. He was due a refund for 2013 that he never received.

20. Plaintiff permanently moved to Florida in August 2017 where he has continuously resided to this day. All wages and income Plaintiff has earned since August 2017 has been in Florida.

21. Plaintiff opened the JPMC Account at issue in 2021 using a Hillsborough County Florida address, and has exclusively used Hillsborough County Florida addresses since it was opened.

22. Sometime during 2023, the CTDRS decides that it wants to drum up state income by harassing former residents–*nine years later*–by performing a large-scale "random" audit of 2013 tax returns.

23. The CTDRS performed no investigation on where Plaintiff currently resided to give him required notice of the assessment or the impending bank levy. Instead, they relied on an old address he had used on his w2's from 2013 that was not reasonably calculated to give actual notice to Plaintiff. The CTDRS never contacted the still valid phone number from his 2010-2012 Connecticut tax returns, or used the address entered on his 2022 federal tax return that was available to them.

24. Defendant JPMC notified Plaintiff on December 22, 2023 that his Florida bank account had been levied, that $1,671.44 had been placed on hold, and attached a copy of the notice of levy / tax warrant from the CTDRS. JPMC then unilaterally removed $100 from Plaintiff's bank account as a "Legal Processing Fee".

25. On December 26, 2023, Plaintiff called the CTDRS on the phone. CTDRS stated that the 2013 assessment of $2,895.22 was based on reported income of

$52,445 from Solomon Page Group that Connecticut never received incomes taxes for.

26. When Plaintiff informed them that they calculated his taxes wrong, because they did not assess him at married filing jointly, the stated that his tax liability would still be approximately $2,284, yet did not update the taxes due to reflect that.

27. Plaintiff then informed CTDRS that he had paid income taxes on those wages to New York State, because he earned those wages in New York. And that they could verify this by looking at his 2012 tax return which had the same employer and the same New York State tax credit. Plaintiff additionally faxed CTDRS a copy of his 2013 Solomon Page Group W2 which showed he had $2,915.78 deducted from his paycheck by New York State, which was more than the amount Connecticut claimed Plaintiff owed them for the exact same wages.

28. CTDRS still refused to remove the tax assessment or the bank levy because he did not file a tax return.

29. Plaintiff further informed CTDRS that the wages were exempt under Florida Law because he was head-of-family, because it was barred by Florida's debt collection statute of limitations, and that they had no in rem jurisdiction over the Florida bank account holding Florida wages. CTDRS refused to acknowledge Florida

8

law, and took the position that because JPMC transacts business in Connecticut, Connecticut can levy any JPMC anywhere in the United States, and apply Connecticut asset protection laws to those accounts regardless of which state those accounts are actually domiciled in.

30. Plaintiff suffered harm in having his JPMC bank account frozen, loss of interest from those frozen accounts, the imposition of a $100 "Legal Processing Fee" by chase bank, and the real threat of further collection attempts by the CTDRS.

31. Plaintiff then called JPMC that same day, asked them to remove the levy because it was an illegal out-of-state levy with no in-rem jurisdiction. JPMC took the same erroneous position as Connecticut: because JPMC operates in Connecticut, Connecticut can purportedly levy any bank account in the United States and that Connecticut asset protection laws apply to his Florida Bank account, not Florida law.

32. JPMC has a pattern or practice of complying with invalid out-of-state tax warrants and applying the wrong state exemption law, that they know are invalid, to milk their customers of "Legal Processing Fees" and to collect interest on their frozen deposits.

33. The Consumer Financial Protection Bureau has already determined that this ex-

act practice is a violation of Federal Deceptive and Unfair Trade Practices, and has entered into Consent decrees to prevent it with other banks. [1].

Specifically:

> "(1) Respondent engaged in unfair acts and practices by responding to and processing garnishment notices against out-of-state bank accounts in violation of certain garnishment-issuing states' prohibitions against out-of-state garnishment;
>
> (2) Respondent engaged in unfair acts and practices by failing to apply the appropriate state exemptions to certain consumers' deposit accounts after receiving garnishment notices;
>
> (3) Respondent engaged in deceptive acts and practices by misrepresenting to consumers, by implication, the applicable state exemption rights for garnishment by applying the issuing state's exemptions instead of the exemptions of the consumer's state of residence, where the states of issuance and residence differ;
>
> (4) Respondent engaged in unfair acts and practices by using a deposit agreement that required consumers to direct Respondent not to contest legal process and waive Respondent's liability for its unlawful garnishment conduct; "

## COUNTS

### COUNT I

*Fla. Stat. § 501.201 et seq: Deceptive and Unfair Trade Practices*

*Against Connecticut State Department of Revenue Services and William Clato-Day*

34. Plaintiff re-alleges and incorporates by reference ¶ 1 - 30

---

[1] *see* https://www.consumerfinance.gov/enforcement/actions/bank-of-america-na/

35. The CTDRS and Mr. Clato-Day engaged in a deceptive and unfair trade practice in commerce by serving a tax levy on Plaintiff's Florida bank account and then refusing to remove the levy, that they knew or should have known: they had no jurisdiction over; that the applicable Florida statute of limitations barred; and the Florida wage's were 100% exempt under Florida law.

36. Plaintiff was harmed by losing access to his deposits, interest earned from those deposits, and being charged a $100 "Legal Processing Fee" by JPMC for processing the fraudulent tax warrant.

## COUNT II

*Fraud: Florida Law*

**Against Connecticut State Department of Revenue Services and William Clato-Day**

37. Plaintiff re-alleges and incorporates by reference ¶ 1 - 30

38. CTDRS and Mr. Clato-Day made representations to JPMC in that tax warrant that they knew to be false, specifically that a) Connecticut had jurisdiction to levy the Florida Bank account and b) Connecticut law should apply to the Florida bank account.

39. Relying on these false representations, JPMC froze part of Plaintiff's Florida bank account.

40. Plaintiff was harmed by losing access to his deposits, interest earned from those deposits, and being charged a $100 "Legal Processing Fee" by JPMC for processing the fraudulent tax warrant.

## COUNT III

*42 U.S. Code § 1983: Dormant Commerce Clause - Double Taxation*

*Against William Clato-Day*

41. Plaintiff re-alleges and incorporates by reference ¶ 1 - 30

42. Connecticut is violating the Dormant Commerce Clause's prohibition on double taxation by assessing and levying purportedly owed income taxes that Plaintiff already paid to New York State.

## COUNT IV

*42 U.S. Code § 1983: Dormant Commerce Clause - Targeting Out of State Residents*

*Against William Clato-Day*

43. Plaintiff re-alleges and incorporates by reference ¶ 1 - 30

44. Connecticut is violating the Dormant Commerce Clause's by specifically targeting out of state residents for audits, assessment and collection nine years later for the 2013 tax year.

## Count V

*Fifth Amendment (self-executing): Takings Clause*

*Against Connecticut State Department of Revenue Services*

45. Plaintiff re-alleges and incorporates by reference ¶ 1 - 30

46. CTDRS levied Plaintiff's Florida Chase Bank account without due process of law, for public use in Connecticut.

## Count VI

*42 U.S. Code § 1983: Takings Clause*

*Against William Clato-Day*

47. Plaintiff re-alleges and incorporates by reference ¶ 1 - 30

48. CTDRS levied Plaintiff's Florida Chase Bank account without due process of law, for public use in Connecticut.

# Count VII

*42 U.S. Code § 1983: Due Process - Insufficient Notice*

*Against William Clato-Day*

49. Plaintiff re-alleges and incorporates by reference ¶ 1 - 30

50. CTDRS failed to perform any investigation reasonably calculated to give Plaintiff actual notice of either their tax assessment or their intent to levy his JPMC bank account.

# Count VIII

*42 U.S. Code § 1983: Due Process - Asset Protection Laws*

*Against William Clato-Day*

51. Plaintiff re-alleges and incorporates by reference ¶ 1 - 30

52. CTDRS instructed JPMC to apply, and continues to apply, Connecticut asset protection laws which generally only exempt $1,000 from Plaintiff's bank account due to wages present in the account. However § 222.11, Fla. Stat. exempts 100% of head-of-family wages.

53. 100% of the deposits in the levied bank account are wages.

54. Plaintiff is a single father who provides 100% of the support for his minor child, thus all of his wages present in the account are exempt unless a waiver is signed. Plaintiff did not sign a waiver.

## Count IX

*42 U.S. Code § 1983: Due Process - Statute of Limitations*

*Against William Clato-Day*

55. Plaintiff re-alleges and incorporates by reference ¶ 1 - 30

56. The statute of limitations to collect a debt in Florida is five years. The debt on the face of the tax levy–December 31, 2013–is barred from being collected in Florida because it is older than five years.

## Count X

*Fla. Stat. § 559.72(9): FCCPA*

*Against Connecticut State Department of Revenue Services, William Clato-Day, and JPMC*

57. Plaintiff re-alleges and incorporates by reference ¶ 1 - 33

58. CTDRS, Mr. Clato-Day, and JPMC claimed, attempted to enforce, or threatened to enforce the tax debt they knew was not legitimate or collectable in Florida due to Florida asset protection laws and lack of jurisdiction.

## Count XI

*Breach of Fiduciary Duty: Florida Law*

*Against J.P. Morgan Chase Bank N.A.*

59. Plaintiff re-alleges and incorporates by reference ¶ 1 - 12

60. Plaintiff re-alleges and incorporates by reference ¶ 24 - 33

61. Plaintiff reposed trust in JPMC to safeguard his bank deposits. JPMC voluntarily accepted this responsibility by agreeing to open the bank account and allowing Plaintiff to make deposits into it.

62. JPMC owed Plaintiff a fiduciary responsibility.

63. JPMC breached their duty when they knowingly applied the wrong state exemption law, and complied with an out-of-state levy that they knew was unenforceable on a Florida bank account, and then deducted a $100 legal processing fee from Plaintiff's account that they knew they were not entitled to.

## Count XII

*Conversion: Florida Law*

*Against J.P. Morgan Chase Bank N.A.*

64. Plaintiff re-alleges and incorporates by reference ¶ 1 - 12

65. Plaintiff re-alleges and incorporates by reference ¶ 24 - 33

66. JPMC wrongfully seized/froze funds in Plaintiff's bank account by knowingly applying the wrong state exemption law, and complied with an out-of-state

levy that they knew was unenforceable on a Florida bank account, and then deducted a $100 legal processing fee from Plaintiff's account that they knew they were not entitled to.

## Count XIII

*Fla. Stat. § 501.201 et seq: Deceptive and Unfair Trade Practices*

*Against J.P. Morgan Chase Bank N.A.*

67. Plaintiff re-alleges and incorporates by reference ¶ 1 - 12

68. Plaintiff re-alleges and incorporates by reference ¶ 24 - 33

69. JPMC engaged in unfair acts and practices by responding to and processing levy notices against the out-of-state bank account in violation of Florida law's prohibitions against out of-state garnishment because JPMC knew or should have known that CTDRS did not have jurisdiction over a Florida bank account.

70. JPMC engaged in unfair acts and practices by failing to apply the appropriate Florida exemptions.

71. JMPC engaged in deceptive acts and practices by misrepresenting to Plaintiff, by implication, the applicable state exemption rights for levy by applying the issuing state's exemptions instead of the exemptions of the Plaintiff's state of residence where the bank account resides.

# I  Relief

Plaintiff respectfully requests that this court:

1. declare Connecticut Tax Warrants and Taxy Levy's unenforceable on Florida assets without first domesticating a judgment in Florida.

2. declare Florida exemption law applies to the bank account at issue.

3. declare the funds seized in Plaintiff's account exempt from levy under Florida law.

4. declare Plaintiff does not owe the purported CTDRS income tax debt for tax year 2013.

5. declare Plaintiff's constitutional rights were violated.

6. enter a permanent injunction enjoining the all Defendants from engaging in any collection activities against out-of-state assets using Connecticut state tax warrants or levies without first domesticating a court judgment.

7. enter a permanent injunction enjoining all Defendants from not applying the asset exemption law of the state where an asset resides when engaging in collection activities.

8. Award Plaintiff actual damages, statutory damages, punitive damages, emotional distress, attorney fees and costs against JPMC and Mr. Clato-Day.

## Demand for Jury Trial

Plaintiff hereby demands a trial by jury on all issues so triable.

## Unsworn Declaration

I declare under penalty of perjury that the foregoing is true and correct.  Executed on:

1-17-2023

Date

Signature

Blake Warner, *pro se*

2211 S. Village Ave

Tampa, FL 33612

E-Service: BLAKE@NULL3D.COM