# United States District Court
## For The Middle District of Florida
## Tampa Division

Blake Warner

v.

Connecticut State Department of Revenue Services,
J.P. Morgan Chase Bank N.A.,
William Clato-Day

Case Number 8:23-CV-02967-MSS-AAS

# Motion for Leave to Amend Complaint and Response to Defendant JPMorgan Chase Bank's Motion for Extension of Time to Respond to Plaintiff's Verified First Amended Complaint

Pursuant to Rule 15 of the Federal Rules of Civil Procedure, Plaintiff Blake Warner ("Mr. Warner") respectfully move the Court for leave to file the attached proposed Second Amended Complaint ("SAC").

Mr. Warner seeks to streamline the complaint by removing the Connecticut defendants who have since settled, adding federal claims against the remaining Defendant

1

to avoid this court losing jurisdiction over this action[1], and to add additional yet related state law claims.

Additionally, since J.P. Morgan Chase Bank N.A. ("JPMC") has represented that they do not understand the allegations against them[2], Mr. Warner is willing to give Homers Boner a helping hand by providing additional facts and clarity to the complaint, so that they may fully grasp Mr. Warner's SAC.

Finally, Defendant JPMorgan Chase Bank's Motion for Extension of Time to Respond to Plaintiff's Verified First Amended Complaint should be denied for failing to confer pursuant Local Rule 3.01(g), failing to serve Mr. Warner with a copy of the motion, they are not entitled to the same 60-day deadline as a now-dismissed Defendant who executed a waiver of service, JPMC did not even attempt to demonstrate good cause or any diligent efforts to comply with the deadline, and because the relief sought is due to be mooted if this court grants Mr. Warner leave to file the proposed second amended complaint.

# I  History

1. JPMC was served with the first amended complaint ("FAC") on January 19, 2023, with their response due February 9, 2024.

---

[1] The operative complaint only raises state law claims against J.P. Morgan Chase Bank N.A.
[2] *see* Doc. 23 "While it is unclear from reviewing the Verified First Amended Complaint, Chase's understanding is that pro se Plaintiff is claiming that the $1,671.44 hold and $100.00 legal processing fee are somehow illegal."

2. On February 6, 2024, JPMC reached out to Mr. Warner to request a 20 day extension to response to the FAC.

3. At this time, Mr. Warner requested consent to amend to add federal claims so that this court does not lose subject-matter jurisdiction in the likely event that Mr. Warner and the state defendants settle.

4. Mr. Warner represented that if consent was given, he would file the amended complaint before JPMC's response due date which would automatically give JPMC an additional 21 day extension[3]

5. JPMC withheld consent to amend and then asked again if Mr. Warner would agree to an extension. Mr. Warner informed them that courtesies are a two-way street, and that he would oppose a motion for extension if they unreasonably withheld consent to amend.

6. JPMC stated that they would consider consenting to the amendment if Mr. Warner sent them a draft of the proposed complaint. Mr. Warner sent them a draft complaint. Mr. Warner sent them a draft complaint, to which they again withheld consent claiming that the amendment failed to state a claim.

7. Mr. Warner attempted to continue to confer on the matter, however JPMC stopped

---

[3] Just as Mr. Warner had done for the Connecticut Department of Revenue Services.

responding, and then filed their motion for extension falsely representing that they had conferred with Mr. Warner pursuant local rule 3.01(g).

## II  LEGAL STANDARD

Federal Rule of Civil Procedure 15(a)(2) allows a party to amend its pleading "only with the opposing party's written consent or the court's leave," which the "court should freely give . . . when justice so requires." Fed.R.Civ.P. 15(a)(2); see *In re Engle Cases*, 767 F.3d 1082, 1108 (11th Cir. 2014). "The thrust of Rule 15(a) is to allow parties to have their claims heard on the merits, and accordingly, district courts should liberally grant leave to amend when 'the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief'" *Id*. (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Nevertheless, a motion for leave to amend may appropriately be denied "(1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile." *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir.2001).

## III  There is no undue delay, bad faith, dilatory motive, predjudice, or failure to cure

Mr. Warner was unable to request consent to amend the complaint or request leave of the Court until JPMC appeared on February 6, 2024. Mr. Warner immediately sought consent to amend.

There can be no dilatory motive because the practical effect of amending is the same as the relief they are seeking in their motion for extension of time: additional time to respond to the complaint.

Mr. Warner has not had a previous opportunity to cure any deficiencies with regards to JPMC.

## IV  Conclusion

Mr. Warner respectfully requests that the Court grant him leave to file the SAC and then deny JPMC's motion for extension as moot.

## Local Rule 3.01(g) Certification

I certify that I have partially conferred with JPMC, and that they have withheld consent to amend the complaint under Rule 15(a)(2), which presumably means they oppose the relief sought in this motion. We conferred over phone and email. They

have withheld consent arguing that the amendments fail to state a claim, but have not engaged in any substantive conversation regarding that matter. The email chain is attached.

Mr. Warner is filing this motion despite the conferral process not being complete due to a good faith belief that JPMC is engaging in dilatory tactics by refusing to respond or otherwise confer in good faith. Every day they delay the motion being filed, is an improper day of extension that they get to respond to the complaint. Mr. Warner will supplement this motion pursuant Local Rule 3.01(g)(3).

| | |
|---|---|
| 2-11-2024 | *[signature]* |
| Date | Signature |

Blake Warner, *pro se*

2211 S Village Ave

Tampa, FL 33612

E-Service: BLAKE@NULL3D.COM

6