# United States District Court
## For The Middle District of Florida
## Tampa Division

Blake Warner

v.

Connecticut State Department
of Revenue Services,
J.P. Morgan Chase Bank N.A.,
William Clato-Day

Case Number 8:23-CV-02967-MSS-AAS

Jury Trial Demanded

## Verified Second Amended Complaint

## Introduction

Plaintiff, Blake Warner ("Mr Warner"), *pro se*, brings this against J.P. Morgan Chase

Bank N.A. ("JPMC") for violations of Fla. Stat. § 501.201 et seq ("Florida Deceptive

and Unfair Trade Practices"), Fla. Stat. § 559.72 ("Florida consumer collection prac-

tices act" or "FCCPA"), Breach of Fiduciary Duty, negligence, conversion, breach

of contract, 42 USC § 1983 Takings Clause, 42 USC § 1983 Due Process clause, 15

USC § 1693h ("Electronic Fund Transfer Act" or "EFTA"), and 15 USC. § 1692 ("Fair Debt Collection Practices Act" or "FDCPA").

The Connecticut State Department of Revenue Services ("CTDRS") served a facially-invalid Connecticut Tax Warrant to J.P. Morgan Chase Bank N.A. ("JPMC") to levy Mr. Warner's JPMC Florida bank account ending x5437 ("bank account") that JPMC knew Connecticut had no in rem jurisdiction over, then knowingly misapplied Connecticut's asset protection laws to a Florida Bank Account that held Florida wages instead of the stricter Florida asset protection laws that would have exempted 100% of the bank assets.

## PLAINTIFF

1. Mr. Warner has continuously resided in Hillsborough County Florida since August 2017.

## DEFENDANT

2. Defendant JPMC is an American multinational financial services firm headquartered in New York City and incorporated in Delaware. They operate Mr. Warner's demand deposit bank account.

## Jurisdiction and Venue

3. This court has jurisdiction pursuant 28 U.S. Code § 1331, 1367, 1343, 2201, 2202, 15 U.S. Code. § 1693m, and 42 U.S. Code § 1983.

4. Defendant JPMC regularly conducts business in the State of Florida, Mr. Warner opened the bank account in Hillsborough County, Florida, and regularly accesses the bank account at physical JPMC locations in Hillsborough County Florida.

5. This court has both personal jurisdiction over all of the parties, and in rem jurisdiction over the bank account.

6. Venue is proper pursuant 28 U.S.C. § 1391 because Mr. Warner and the bank account reside in the Middle District of Florida.

## Facts

7. Mr. Warner opened the bank account in 2021 using a Hillsborough County Florida address, and has exclusively used Hillsborough County Florida addresses since it was opened.

8. Defendant JPMC notified Mr. Warner on December 22, 2023 that his bank account had been levied, that $1,671.44 had been placed on hold, and attached a

copy of the notice of levy / tax warrant from the CTDRS. JPMC then unilaterally

removed $100 from Mr. Warner's bank account as a "Legal Processing Fee".

9. On December 26, 2023, Mr. Warner called JPMC, asked them to remove the

levy because it was an illegal out-of-state levy with no in-rem jurisdiction. JPMC

took the erroneous position that because JPMC operates in Connecticut, Con-

necticut can purportedly levy any bank account in the United States regardless

of which states those accounts are actually domiciled in, and that Connecticut

asset protection laws apply to his Florida Bank account, not Florida asset protec-

tions law.

10. On December 27, 2024, Mr. Warner faxed a sworn notarized document attest-

ing that he was head-of-household and the bank account contained wages which

are exempted from the levy under Florida law, to the Court Orders and Levy

Department at JPMC.

11. JPMC knew or should have known that the account contained wages due to the

consistent presence of routine prearranged payment and deposit entries on the

statements.

12. On January 11, 2023, JPMC filed an interpleader action in Connecticut Superior

Court ("state court") seeking a court order regarding the frozen funds in the

bank account.

13. On January 26, 2023, the state court entered an order exempting the frozen funds in the bank account, and mailed a copy of that order to JPMC.

14. On January 29, 2023, Mr. Warner faxed a copy of the state court exemption order to the Court Orders and Levy Department at JPMC.

15. Later that same day, Mr. Warner called JPMC and informed them of the state court exemption order, that he faxed them a copy of the order earlier that day, and requested that the levy be removed from his account.

16. JPMC denied receiving the fax, refused to go to Connecticut Superior Court's website to verify the order on the public docket, refused to remove the levy, and stated it can take up to two business days after they receive an order to process it.

17. On February 1, 2024, Mr. Warner called JPMC again requesting a release of the levy from his account pursuant the state court exemption order. JPMC again denied receiving the other either from Mr. Warner's fax or from the Connecticut Superior Court.

18. On February 2, 2024, Mr. Warner received a letter from the Connecticut Superior Court containing a copy of the exemption order.

19. On February 6, 2024, Mr. Warner sent the law firm Homers Boner—the attorney's representing JPMC in this matter—a copy of the state court exemption order and a link to the public docket[1] where it could be obtained.

20. Sometime that same day, the expiration date for the asset freeze on the bank account was updated from February 11, 2024 to December 31, 2099.

21. On February 7, 2024, Mr. Warner called JPMC again requesting a release of the levy from his account pursuant the state court exemption order. JPMC again denied both receiving his fax of the order and from receiving the order from the Connecticut Superior Court. And again stated it takes up to two business days to process a court order.

22. On February 9, 2024, the CTDRS cancelled the 2013 income tax assessment against Mr. Warner that was the basis for the bank account levy.

23. JPMC has a pattern or practice of complying with invalid out-of-state warrants, levies or judgments, and then applying the wrong state exemption law, that they know are invalid, to milk their customers of "Legal Processing Fees" and to collect interest on their frozen deposits.

---

[1] *see* https://civilinquiry.jud.ct.gov/CaseDetail/PublicCaseDetail.aspx?DocketNo=HHDCV245081450S

24. The Consumer Financial Protection Bureau has already determined that this ex-

act practice is a violation of Federal Deceptive and Unfair Trade Practices, and

has entered into Consent decrees to prevent it with other banks. [2].

Specifically:

> "(1) Respondent engaged in unfair acts and practices by responding to
> and processing garnishment notices against out-of-state bank accounts in
> violation of certain garnishment-issuing states' prohibitions against out-
> of-state garnishment;
>
> (2) Respondent engaged in unfair acts and practices by failing to apply
> the appropriate state exemptions to certain consumers' deposit accounts
> after receiving garnishment notices;
>
> (3) Respondent engaged in deceptive acts and practices by misrepresent-
> ing to consumers, by implication, the applicable state exemption rights
> for garnishment by applying the issuing state's exemptions instead of the
> exemptions of the consumer's state of residence, where the states of is-
> suance and residence differ;
>
> (4) Respondent engaged in unfair acts and practices by using a deposit
> agreement that required consumers to direct Respondent not to contest
> legal process and waive Respondent's liability for its unlawful garnish-
> ment conduct; "

25. Mr. Warner suffered harm in having his bank account frozen by: loss of use of the

frozen deposited funds, loss of interest from those frozen funds, the imposition of

a $100 "Legal Processing Fee" by JPMC, and the prospect of other out-out-state

creditors trying to levy the bank account.

---

[2] *see* https://www.consumerfinance.gov/enforcement/actions/bank-of-america-na/

# Counts

## Count I

### *15 U.S. Code § 1693h(a)(1): EFTA - Failure to Transfer Funds*

26. Plaintiff re-alleges and incorporates by reference ¶ 1 - 25

27. The bank account was the personal demand deposit checking account of Mr. Warner.

28. Mr. Warner used the bank account for direct depositing wages, paying household bills, and cashing checks.

29. Mr. Warner made several telephone calls and faxes to JPMC to unfreeze his bank account before and after the Connecticut Superior Court had issued its order exempting the funds in the bank account from the tax levy.

30. JPMC refused to unfreeze the funds.

31. As a result, Mr. Warner was unable to transfer funds in the account to pay for household expenses.

# COUNT II

### *42 U.S. Code § 1983: Due Process - Asset Protection Laws*

32. Plaintiff re-alleges and incorporates by reference ¶ 1 - 25

33. The state of Connecticut coerced and/or significantly encouraged JPMC to freeze and levy Mr. Warner's bank account by serving a tax warrant on JPMC.

34. By collecting the tax debt on behalf of Connecticut, JPMC performed a function that is traditionally the exclusive prerogative of the State (tax collection).

35. CTDRS instructed JPMC to apply, and continues to apply, Connecticut asset protection laws which generally only exempt $1,000 from Mr. Warner's bank account due to wages present in the account. However § 222.11, Fla. Stat. exempts 100% of head-of-family wages.

36. 100% of the deposits in the levied bank account are wages.

37. Mr. Warner is a single father who provides 100% of the support for his minor child, thus all of his wages present in the account are exempt unless a waiver is signed. Mr. Warner did not sign a waiver.

38. JPMC violated Mr. Warner's right to due process by wrongfully applying Connecticut's asset protection laws to Mr. Warner's Florida bank account.

# Count III

*42 U.S. Code § 1983: Due Process - Statute of Limitations*

39. Plaintiff re-alleges and incorporates by reference ¶ 1 - 25

40. The state of Connecticut coerced and/or significantly encouraged JPMC to freeze and levy Mr. Warner's bank account by serving a tax warrant on JPMC.

41. By collecting the tax debt on behalf of Connecticut, JPMC performed a function that is traditionally the exclusive prerogative of the State (tax collection).

42. The statute of limitations to collect a debt in Florida is five years. The debt on the face of the tax levy–December 31, 2013–is barred from being collected in Florida because it is older than five years.

43. JPMC violated Mr. Warner's right to due process by freezing his bank account for time-barred debt.

# Count IV

*42 U.S. Code § 1983: Due Process - Jurisdiction*

44. Plaintiff re-alleges and incorporates by reference ¶ 1 - 25

45. The state of Connecticut coerced and/or significantly encouraged JPMC to freeze and levy Mr. Warner's bank account by serving a tax warrant on JPMC.

46. By collecting the tax debt on behalf of Connecticut, JPMC performed a function that is traditionally the exclusive prerogative of the State (tax collection).

47. JPMC, acting on instructions from CTDRS, levied and froze Mr. Warner's bank account, knowing the tax warrant/taxy levy was ultra vires.

48. Connecticut was required to either sue Mr. Warner in Florida to obtain a Florida judgment, or file a domestication action in Hillsborough County, Florida under Fla. Stat. § 55.604 triggering due process protections of the debtor.

49. Some of these protections include prior notice, a 30 day waiting period before the levy can be enforced, and the opportunity to be heard or to otherwise challenge the validity of the levy in a Florida court.

50. JPMC skipped all of these steps that would have afford Mr. Warner due process protections under Florida law, and instead directly levied his bank account ultra vires, denying Mr. Warner those due process protections.


## COUNT V

*42 U.S. Code § 1983: Unreasonable Seizure - Fourth Amendment*

51. Plaintiff re-alleges and incorporates by reference ¶ 1 - 25

52. The state of Connecticut coerced and/or significantly encouraged JPMC to freeze and levy Mr. Warner's bank account by serving a tax warrant on JPMC.

53. By collecting the tax debt on behalf of Connecticut, JPMC performed a function that is traditionally the exclusive prerogative of the State (tax collection).

54. JPMC, acting on instructions from CTDRS, unreasonably levied/seized and froze Mr. Warner's bank account, knowing the tax warrant/taxy levy was ultra vires.

# Count VI

*42 U.S. Code § 1983: Due Process - Takings Clause*

55. Plaintiff re-alleges and incorporates by reference ¶ 1 - 25

56. The state of Connecticut coerced and/or significantly encouraged JPMC to freeze and levy Mr. Warner's bank account by serving a tax warrant on JPMC.

57. By collecting the tax debt on behalf of Connecticut, JPMC performed a function that is traditionally the exclusive prerogative of the State (tax collection).

58. JPMC, acting on instructions from CTDRS, levied and froze Mr. Warner's bank account, knowing the tax warrant/taxy levy was ultra vires.

59. In doing so, they deprived Mr. Warner of access to his funds without due process.

## Count VII

*Fla. Stat. § 501.201 et seq: Deceptive and Unfair Trade Practices*

60. Plaintiff re-alleges and incorporates by reference ¶ 1 - 25

61. JPMC engaged in unfair acts and practices by responding to and processing levy notices against the out-of-state bank account in violation of Florida law's prohibitions against out of-state garnishment because JPMC knew or should have known that CTDRS did not have jurisdiction over a Florida bank account.

62. JPMC engaged in unfair acts and practices by failing to apply the appropriate Florida exemptions.

63. JMPC engaged in deceptive acts and practices by misrepresenting to Mr. Warner, by implication, the applicable state exemption rights for levy by applying the

issuing state's exemptions instead of the exemptions of the Mr. Warner's state of residence where the bank account resides.

## Count VIII

*Fla. Stat. § 559.72(9): FCCPA*

64. Plaintiff re-alleges and incorporates by reference ¶ 1 - 25

65. JPMC enforced, attempted to enforce, and/or threatened to enforce the alleged Connecticut tax debt they knew was not legitimate or collectable in Florida due to Florida asset protection laws and lack of in-rem jurisdiction over the bank account.

## Count IX

*15 USC. § 1692: FDCPA*

66. Plaintiff re-alleges and incorporates by reference ¶ 1 - 25

67. Mr. Warner is a consumer under 15 USC § 1692a(3).

68. The personal income tax debt at issue is a consumer debt under 15 USC §1692a(5).

69. JPMC is a debt collector under 15 USC § 1692a(6) because they a) do not own the tax debt, but rather are collecting it for a third party, b) emailed and mailed the debt collection notice to Mr. Warner, c) regularly engages in debt collection practices by freezing and levying depositor bank accounts at the request of third parties.

70. JPMC enforced, attempted to enforce, and/or threatened to enforce the alleged Connecticut tax debt they knew was not legitimate or collectable in Florida due to Florida asset protection laws and lack of jurisdiction.

## Count X

### *Breach of Fiduciary Duty: Florida Law*

71. Plaintiff re-alleges and incorporates by reference ¶ 1 - 25

72. An implied fiduciary relationship was created between Mr. Warner and JPMC when JPMC received a greater economic benefit through the legal processing

fee to perform the extra service of acting as an escrow agent with regards to the frozen funds in the bank account.

73. JPMC breached their duty when they knowingly applied the wrong state asset exemption law.

74. JPMC breached their duty when they complied with an ultra vires out-of-state tax levy that they knew was unenforceable on a Florida bank account.

75. JPMC breached their duty when they initiated court proceedings in Connecticut rather than Florida as the deposit agreement required.

76. JPMC breached their duty when they failed to immediately unfreeze the bank account once they received the Connecticut order exempting the frozen funds from the levy.

77. JPMC breached their duty when they failed to file an interpleader action in Hillsborough County, Florida and then transfer the frozen funds to the court registry, because JPMC had a conflict of interest due to perceived liability from Connecticut for failing to turn over the funds.

## COUNT XI

*Negligence: Florida Law*

78. Plaintiff re-alleges and incorporates by reference ¶ 1 - 25

79. JPMC, as the bank holding Mr. Warner's deposits, owed Mr. Warner a duty of care with regards to the deposits in the bank account.

80. The deposit agreement states "If you deposit or cash a check, or we send one for collection, we act only on your behalf. Our only responsibility is to exercise reasonable care.".

81. JPMC breached that duty when they honored an ultra vires Connecticut tax warrant that a bank of reasonable skill and care would know was unenforce-able in Florida. TThey breached that duty when they initially froze the bank account.

82. JPMC breached that duty when they failed to unfreeze the bank account once they received the Connecticut order order exempting the frozen funds.

## Count XII

*Breach of Contract: Florida Law*

83. Plaintiff re-alleges and incorporates by reference ¶ 1 - 25

84. The deposit agreement states "If we file any lawsuit or legal proceeding that is connected in any way to your accounts or services, you consent to jurisdiction and venue in an appropriate court in the state where your account is located".

85. The bank account is located in Florida.

86. Chase breached the agreement by filing the interpleader action regarding this account in Connecticut Superior Court, despite the agreement requiring that any action be filed in Hillsborough County, Florida.

87. The deposit agreement is not attached because Mr. Warner does not have a copy of the agreement from the time when he opened the bank account.

## Count XIII

*Breach of Contract: Florida Law*

88. Plaintiff re-alleges and incorporates by reference ¶ 1 - 25

89. The deposit agreement states "'Legal Process' means any document that appears to have the force of law regarding restricting, holding or paying out funds from your account, including a garnishment, attachment, execution, levy or similar order".

90. The tax levy did not appear to have the force of law because it lacked jurisdiction on it's face: a Connecticut state levy is unenforceable on an asset located in Florida.

91. The deposit agreement is not attached because Mr. Warner does not have a copy of the agreement from the time when he opened the bank account.

## Count XIV

*Conversion: Florida Law*

92. Plaintiff re-alleges and incorporates by reference ¶ 1 - 25

93. JPMC wrongfully seized/froze funds in Mr. Warner's bank account by knowingly applying the wrong state exemption law, and complied with an ultra vires out-of-state levy that they knew was unenforceable on a Florida bank account, and then deducted a $100 legal processing fee from Mr. Warner's account that they knew they were not entitled to for the privilege of unlawfully freezing Mr. Warner's account.

94. JPMC continued to wrongfully freeze Mr. Warner's bank account even after they receieved a court order exempting the funds.

# I  RELIEF

Mr. Warner respectfully requests that this court:

1. declare out-of-state tax warrants, levies, or judgments unenforceable on Florida assets without first domesticating in a Florida court.

2. declare Mr. Warner's constitutional rights were violated.

3. declare that Mr Warner's bank account is located in Florida.

4. enter a permanent injunction enjoining JPMC from engaging in any collection activities against assets located in Florida using out-of-state tax warrants, levies, or judgments without first domesticating the same in Florida.

5. enter a permanent injunction enjoining JPMC from applying the asset exemption laws of the issuing state rather than Florida law when the asset resides in Florida.

6. Award Plaintiff actual damages, consequential damages, statutory damages, punitive damages, emotional distress, attorney fees and costs.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

## UNSWORN DECLARATION

I declare under penalty of perjury that the foregoing is true and correct. Executed on:

3-4-2024

_____

Date

_____

Signature

Blake Warner, *pro se*

2211 S. Village Ave

Tampa, FL 33612

E-Service: BLAKE@NULL3D.COM