UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
Tampa Division

CASE NO. 8:23-cv-02967-MSS-AAS

BLAKE WARNER,

    Plaintiff,

v.

JPMORGAN CHASE BANK, N.A.

    Defendant.

_____/

**DEFENDANT JPMORGAN CHASE BANK'S
UNOPPOSED MOTION FOR EXTENSION OF TIME TO
RESPOND TO PLAINTIFF'S VERIFIED SECOND AMENDED COMPLAINT**

Pursuant to Fed. R. Civ. P. 6(b) and M.D. Fla. L.R. 3.01(a), Defendant JPMorgan Chase Bank, N.A. ("Chase") moves for an extension of time, through and including April 18, 2024, for it to respond to pro se Plaintiff's Verified Second Amended Complaint. In support, Chase states:

1. On December 27, 2023, pro se Plaintiff filed his initial complaint against Defendant Connecticut State Department of Revenue Services.

2. On January 17, 2024, without any response filed by the one defendant, pro se Plaintiff filed his 20 page Verified First Amended Complaint, containing 13 counts and 2 additional defendants, Chase and William Clato-Day.

1

HomeR BonneR Jacobs Ortiz, P.A.
1200 Four Seasons Tower | 1441 Brickell Avenue | Miami Florida 33131
305 350 5100 | www.homerbonner.com

CASE NO. 8:23-cv-02967-MSS-AAS

3. On February 9, 2024, pro se Plaintiff settled with Defendants Connecticut State Department of Revenue Services and William Clato-Day

4. Chase's response to the Verified First Amended Complaint was due on March 19, 2024.

5. Prior to the response being filed, pro se Plaintiff was granted leave to amend his complaint for a second time, and on March 4, 2024, he filed his Verified Second Amended Complaint.

6. Pursuant to Federal Rule of Civil Procedure 15(a)(3), Chase's response to the Verified Second Amended Complaint is due on March 19, 2024.

7. Chase requests that its deadline to respond be extended an additional 30 days while the Parties finalize their settlement.

8. Chase shows good cause for the requested extension, which will not prejudice any party or the Court. Pro se Plaintiff has represented that he has no objection to the extension of time. Furthermore, this case is not set for trial and is at its beginning stages, so the requested extension will not affect any critical deadlines.

9. The Court has the discretion to grant the requested extension of time for cause shown. *See* Fed. R. Civ. P. 6(b).

10. Pursuant to Local Rule 3.01(f), no proposed order on this motion is being filed with this motion.

WHEREFORE, Defendant JPMorgan Chase Bank, N.A. respectfully requests that the Court grant this motion, grant Chase an extension through and including April

2

Homer Bonner Jacobs Ortiz, P.A.
1200 Four Seasons Tower | 1441 Brickell Avenue | Miami Florida 33131
305 350 5100 | www.homerbonner.com

18, 2024 to respond to the Verified Second Amended Complaint, and grant any additional relief that the Court deems proper.

## Local Rule 3.01(g) Certification

Pursuant to Local Rule 3.01(g), I hereby certify that I have conferred with all parties who may be affected by the relief sought in the motion in a good faith effort to resolve the issues raised in this motion. The conferences took place via email. Pro se Plaintiff has advised that he has no objection to the extension of time.

Date: March 19, 2024.

Respectfully submitted:

Homer Bonner Jacobs Ortiz, P.A.
Attorneys for Defendant JPMorgan Chase Bank, N.A.
1200 Four Seasons Tower
1441 Brickell Avenue
Miami Florida 33131
Phone: (305) 350-5100
Fax: (305) 372-2738

By: /s/ *Anthony M. Diblasi*
Jose A. Ortiz, Esq.
Email: jortiz@homerbonner.com
Florida Bar No. 182321
Anthony M. Diblasi, Esq.
Email: adiblasi@homerbonner.com
Florida Bar No.: 117681

3

HomeR BonneR Jacobs Ortiz, P.A.
1200 Four Seasons Tower | 1441 Brickell Avenue | Miami Florida 33131
305 350 5100 | www.homerbonner.com

CASE NO. 8:23-cv-02967-MSS-AAS

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 19, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system. I also certify that the foregoing is being served this day on all counsel of record and pro-se plaintiff via transmission of Notice of Electronic Filing generated by CM/ECF.

By: /s/ *Anthony M. Diblasi*
Anthony M. Diblasi